UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

NOAH SYL JOHNSON,

                    Plaintiff,                        Case No. 1:17-cv-473

v.                                         Honorable Paul L. Maloney

FERRIS STATE UNIVERSITY DEP'T
OF PUBLIC SAFETY et al.,

                    Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Ferris State University Department of Public Safety, Big Rapids Department of Public Safety and Mecosta County Sheriff's Department.  The Court will serve the complaint against Defendants Helper, Chamberlain, Hauger, Kuiawa, and Pippin.

**Discussion**

I.      Factual allegations

Plaintiff Noah Syl Johnson was incarcerated at the Ingham County Jail at the time the complaint was filed, but he has since been released on probation.  The actions about which he complains occurred during the course of his arrest.  He sues the Ferris State University Department of Public Safety, the Big Rapids Public Safety Department, and the Mecosta County Sheriff's Department, together with the following individual officers:  FSU Department of Public Safety Officers Diana Helper and Michael Chamberlain; Big Rapids Public Safety Department Sergeant Jeff Hauger; Big Rapids Public Safety Officer Jason Kuiawa; and Mecosta County Sheriff's Department Deputy Sergeant Pippin.

According to the complaint, on January 23, 2016, Plaintiff was variously spending time in his dorm room (1103) watching television with friends or talking to other individuals in room 807.  Plaintiff left to go to the store, but found he had forgotten his wallet.  He returned and was preparing to get on the elevator, when the elevator door opened.  Hall monitor Sarah Cambell was in the elevator with Defendant Chamberlain.  Hall identified Plaintiff.  Chamberlain asked for Plaintiff's identification, which he provided.  Defendant Chamberlain asked to walk with Plaintiff toward his room and then asked if he could come into the room.  Plaintiff refused.  Chamberlain opened Plaintiff's door and sniffed and said, "It smells like marijuana in here."  (Compl., ECF No. 1, PageID.3.) Defendant Chamberlain then smelled Plaintiff and told him he smelled like marijuana, too.  Plaintiff told Chamberlain that the smell was coming from the study room, and Plaintiff opened the door of the study to show Chamberlain.  Plaintiff then stated, "It's also coming from here," and he started to open the stairway door, where students often smoked marijuana.  (*Id.*)  Defendant

Chamberlain then pushed Plaintiff through the door and against the wall.  Now accompanied by Defendant Helper, Chamberlain told Plaintiff that he was not free to leave and that he could "do this the easy way or the hard way."  (*Id.*)  Plaintiff asked what was the hard way, and Defendant Helper told him that it was with handcuffs on.  Plaintiff then advised that he was calling his attorney.  At that point, he was rushed and tackled, leading to Plaintiff and both Defendants tumbling down the stairs.

After tumbling down the stairs, Plaintiff was no longer in the officers' grasp.  He jumped up and ran to the seventh floor, as he believe he had done nothing wrong and was afraid of being assaulted.  On the seventh floor, he went to Kristina's room to pick up his headphones and calm down.  When he calmed down, he walked back to talk to the officers.  As soon as he opened the door to the stair well, Defendant Chamberlain was reaching for his gun.  Plaintiff turned and ran down the hallway, down some stairs and out the door.  He then laid on the ground and put his hands behind his back.  Plaintiff was afraid that he was going to be shot.  Deputies Tanner and Haynes (who are not Defendants) handcuffed Plaintiff, stood him up, searched him, and put him into Defendant Helper's car to be transported by Big Rapids Public Safety Officer Kuiawa and Sgt. Hauger.  Defendants Kuiawa and Hauger began to handle Plaintiff roughly and forcefully, throwing Plaintiff against their police cruiser.  Defendant Pippin kicked Plaintiff's right leg, causing Plaintiff to buckle to his knees from pain.  Defendant Kuiawa changed Plaintiff's handcuffs and placed him in painful wristlock holds, before putting him into the back seat of the patrol car.

Plaintiff alleges that he was unlawfully arrested and that Defendants used excessive force.  He also alleges that he possibly was subjected to racial discrimination because, although his roommate admitted that the marijuana was his, he was not subjected to the same treatment.  Plaintiff

claims that he was not charged with a marijuana charge and his urine was negative for marijuana. Plaintiff believes that something discriminatory happened.

      For relief, Plaintiff seeks compensatory and punitive damages.

      II.    <u>Failure to state a claim</u>

      A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

-4-

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.    Sovereign Immunity

Plaintiff sues the Ferris State University Department of Public Safety which is a part of Ferris State University. Ferris State University is a division of the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Sixth Circuit long ago recognized that Michigan state universities are immune from suit. *See, e.g., Estate of Ritter by Ritter v. Univ. of Mich.*, 851 F.2d 846, 848-50 (6th Cir. 1988). In addition, the State of Michigan (acting through the Ferris State University) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Ferris State University Department of Public Safety.

B.    Municipal Defendants

Plaintiff sues the Big Rapids Public Safety Department and the Mecosta County Sheriff's Department.  Neither the Big Rapids Public Safety Department nor the Mecosta County Sheriff's Department exists as a separate legal entity.  The former is a division of the City of Big Rapids.  *See* MICH. COMP. LAWS § 92.1; *Haverstick Enter., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994).  The latter is a division of Mecosta County.  *See, e.g., Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988), and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (Mich. Ct. App. 1970)).  Accordingly, the Court will dismiss both the Big Rapids Public Safety Department and the Mecosta County Sheriff's Department.

However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue the City of Big Rapids and Mecosta County.  Neither the city nor the county may not be held vicariously liable for the actions of its employees under § 1983.  *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Instead, a county is liable only when its official policy or custom causes the injury.  *Id.*

Plaintiff's allegations against the city and county essentially rest on a theory of vicarious liability and therefore do not state a claim.  *Id.*  To the extent that Plaintiff suggests the existence of a custom of unlawful arrest and excessive force, his suggestion is wholly conclusory.  As the Supreme Court has instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 60.  Plaintiff cites no prior

-6-

incidents demonstrating a widespread pattern.  He merely implies that such a pattern exists.
Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state
a claim under § 1983.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007).  Plaintiff
therefore fails to state a claim against either the City of Big Rapids or Mecosta County.  Accordingly,
the Court will dismiss both Defendants.

C.      Service

Having evaluated Plaintiff's allegations against the remaining Defendants, the Court
concludes that Plaintiff has adequately stated at least one claim against them.  The Court therefore
will order service of the complaint on the remaining Defendants.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court
determines that Defendants Ferris State University Department of Public Safety, Big Rapids
Department of Public Safety and Mecosta County Sheriff's Department will be dismissed for failure
to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The
Court will serve the complaint against Defendants Helper, Chamberlain, Hauger, Kuiawa, and
Pippin.

An Order consistent with this Opinion will be entered.


Dated:  July 14, 2017                          /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge