UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOAH SYL JOHNSON,  )
           Plaintiff,  )
   )   No. 1:17-cv-473
-v-  )
   )   Honorable Paul L. Maloney
FERRIS STATE UNIVERSITY DEPARTMENT  )
OF PUBLIC SAFETY, et al.,  )
           Defendants.  )
   )

## ORDER ADOPTING IN PART, MODIFYING IN PART, AND REJECTING IN PART REPORT AND RECOMMENDATION AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

Plaintiff Noah Johnson alleges violations of his civil rights arising from an incident with police officers in his residence hall on the Ferris State University campus. Johnson is not represented by counsel. Currently pending is a motion to dismiss filed by Defendants Officer Michael Chamberlain and Sergeant Diana Hepler. (ECF No. 11.) The magistrate judge issued a report recommending the motion be granted in part and denied in part. (ECF No. 63.) Defendants filed objections. (ECF No. 64.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Claim 1. Unlawful Arrest.

In the motion, Defendants assert that they are entitled to qualified immunity on Johnson's claim for unlawful arrest. Defendants contend that a *Terry* stop occurred in the dorm. The magistrate judge found that the officers did not have reasonable suspicion for a *Terry* stop until after Officer Chamberlain opened the door to Johnson's dorm room and smelled marijuana. Because Johnson refused Chamberlain's request to open the door, the search which lead to information giving rise to reasonable suspicion was non-consensual and without a warrant. The magistrate judge recommends that Defendants' motion be denied for Claim 1.

Defendants offer several objections. First, in his response to the motion to dismiss, Johnson concedes that Officer Chamberlain had reasonable suspicion to conduct a *Terry* stop based on the smell of marijuana. (ECF No. 41 Resp. at 3 PageID.466.) Second, Defendants assert that the odor of marijuana on Johnson was sufficient for an arrest. In the complaint, Johnson acknowledged that Chamberlain smelled him (Johnson), and stated that he (Johnson,) smelled like marijuana. Third, Defendants contend that the complaint contains no factual allegations suggesting that Johnson was not free to leave until after the Chamberlain noted the smell of marijuana on Johnson. Prior to that, the allegations in the complaint indicate a consensual encounter.

On this claim, Defendants' objections are supported by the allegations in the complaint. Johnson concedes that the *Terry* stop prior to an arrest was constitutionally sound. Subsequently, Chamberlain smelled marijuana on Johnson, which emanated from him while he was in a public place. That smell provided a sufficient basis for an arrest.

Officer Chamberlain and Sergeant Hepler did not attempt an arrest until after Chamberlain verbally noted the smell of marijuana on Johnson. The arrest, therefore, did not violate Johnson's Fourth Amendment rights. Because no constitutional violation occurred, Defendants are entitled to dismissal of the claim. And, their request for qualified immunity is moot. *See Adams v. City of Auburn Hills*, 336 F.3d 515, 520 (6th Cir. 2003) ("Because the Fourth Amendment is not implicated, Adams has not alleged a constitutional violation to support a § 1983 claim. Without an underlying constitutional violation, the question of whether Backstrom is entitled to qualified immunity is moot."); *Ahlers v. Schebil*, 188 F.3d 365, 374 (6th Cir. 1999) ("As we hold that sufficient probable cause existed, this necessarily means that the arrest complied with constitutional requirements and that Ahlers was not deprived of a constitutional right. As a result, there is no claim under § 1983, and Defendants have no need for a qualified immunity defense."); *Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998) ("In this case, if the court determines that Detective Gabringer had probable cause sufficient to obtain a search warrant, plaintiffs' § 1983 claim fails, and the issue of whether Detective Gabringer receives qualified immunity becomes moot.")

For Claim 1, the recommendations are rejected. Defendants are entitled to dismissal of the claim for unlawful arrest.

Claim 2. Excessive Force.

Defendants argue they are entitled to qualified immunity on Johnson's claim for excessive force. In the motion, Defendants assert that any force used was an appropriate response to Johnson's failure to comply with their directives. The magistrate judge concluded that Defendants had improperly detained Johnson. And, because the detention was

improper, any physical coercion was also improper. The magistrate judge recommends denying Defendants' motion for Claim 2.

Again, Defendants offer several objections. Defendants contend that they did have a basis for detaining and arresting Johnson. Defendants argue that the complaint does not allege that Officer Chamberlain reached for a gun. And, Defendants also argue that reaching for a weapon does not constitute a show of force or the use of force.

Defendants' objections are overruled. Proceeding with the conclusion that Defendants had a basis for arresting Johnson, the complaint asserts that the officers pushed Johnson through a doorway and that his back was against a wall. (Compl. PageID.3.) And, when Johnson stated that he was going to call his attorney, he "was immediately rushed and tackled and we all went tumbling down the stairs." (*Id.*) Based on the allegations in the complaint, the only time Johnson had not cooperated with Defendants was when he declined to voluntarily open the door to his dorm room. Assuming these facts, the manner in which the arrest was executed constitutes excessive force and Defendants are not entitled to qualified immunity. The Court needs to evaluate the allegation that Officer Chamberlain, the only male officer identified up to that point in the complaint, reached for his weapon, an event that occurred minutes after Johnson was tacked in the stairwell.

For Claim 2, the recommendations are modified. The Court agrees with the recommendations of the magistrate judge, but for different reasons. For Claim 2, Defendants' motion is denied.

Claim 3. Race Discrimination.

The magistrate judge concludes that the complaint failed to plead facts showing that Johnson was treated differently as compared to similarly-situated persons. The magistrate judge recommends dismissing the race discrimination claim. Johnson did not file any objection.

The Court will adopt the recommendation that the race discrimination claim be dismissed.

Consistent with the discussion above, the Report and Recommendation (ECF No. 63) is **ADOPTED IN PART, MODIFIED IN PART, AND REJECT IN PART.** The recommendations for claim 1 (unlawful arrest) are rejected. The recommendations for claim 2 (excessive force) are modified. And, the recommendations for claim 3 (race discrimination) are adopted. Defendants' motion to dismiss (ECF No. 11) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's claims for unlawful arrest and for race discrimination are dismissed.

**IT IS SO ORDERED.**

Date: January 10, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge